UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| Hope Champagne,<br><br>　　　　　　Plaintiff,<br>v.<br><br>Viking Collection Service, Inc.; and DOES 1-10, inclusive,<br><br>　　　　　　Defendant. | Civil Action No.: _____<br><br>**COMPLAINT AND JURY DEMAND** |

For this Complaint, the Plaintiff, Hope Champagne, by undersigned counsel, states as follows:

## JURISDICTION

1.	This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), Maine Fair Debt Collection Practices Act, 32 M.R.S.A. § 11001, et seq. ("MFDCPA") and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.	Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.	Venue is proper in the U.S. District Court for the District of Maine pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of Maine.

## PARTIES

4.	The Plaintiff, Raymond and Hope Champagne ("Plaintiff"), are adult individuals residing in Portland, Maine, and "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.	Defendant Viking Collection Service, Inc. ("Viking"), is a Minnesota business entity with an address of 7500 Office Ridge Circ #100, Eden Prairie, Minnesota 55344, operating

Case 2:11-cv-00266-JAW   Document 1   Filed 07/06/11   Page 2 of 7   PageID #: 2

as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Viking and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Viking at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Plaintiff incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Viking for collection, or Viking was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Viking Engages in Harassment and Abusive Tactics

## FACTS

12. Viking has placed four (4) calls a day to Plaintiff's residential and cellular telephones in an attempt to collect the Debt.

13. Viking has placed calls to Plaintiff prior to 8a.m. in an attempt to collect the Debt.

14. Plaintiff attempted to explain to Viking that the Debt may have been a product of

2

identity theft however Viking refused to discuss this possibility with Plaintiff and has continued to attempt to collect the Debt from Plaintiff.

15. Viking used extremely rude and abusive language when speaking with Plaintiff.

16. Viking told Plaintiff that her husband needs to "step up and be a man" [about the Debt.]

17. Further, Viking suggested that Plaintiff divorce her husband.

18. Viking has told Plaintiff that she is a liar for stating that the Debt may not belong to her and told her to "stop being lazy."

19. Viking would not let plaintiff complete a sentence when speaking with her and causing her to suffer great frustration and ager.

20. Viking would not engage with the plaintiff when she attempted to determine why they said she owed a debt to Chase when she was certain she never had an agreement with chase and they consistently cut her off as she tried to determine why they were attempting to collect from her.

21. Viking never attempted to verify whether the debt was originally owed to Chase, or how Chase obtained the right to collect the debt causing confusion and frustration to the plaintiff.

C. **Plaintiff Suffered Actual Damages**

22. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

23. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

24.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.

25.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.     The Defendants' conduct 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff before 8:00 a.m. and after 9:00 p.m, when they contacted the plaintiff prior to 8:00 a.m..

27.     The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer, by telling her her husband should "step up and be a man" and that she should stop being lazy and to divorce her husband.

28.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, when they called numerous times per day knowing that the plaintiff had already spoken with the defendant already that day, and that there would be no change in the plaintiff's position regarding payment of the debt.

29.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE MFDCPA - 32 M.R.S.A. § 11001, et seq.

31.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully set herein at length.

32. The Plaintiff is a "consumer" as the term is defined by 32 M.R.S.A. § 11002(3).

33. The Plaintiff incurred a "debt" as the term is defined by 32 M.R.S.A. § 11002(5).

34. The Defendants are a "debt collector" as the term is defined by 32 M.R.S.A. § 11002(6).

35. The Defendants' conduct violated 32 M.R.S.A. § 11013(1)(B) in that Defendants used profane and abusive language when speaking with the consumer.

36. The Defendants' conduct violated 32 M.R.S.A. § 11013(1)(E) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

37. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the MFDCPA, including every one of the above-cited provisions.

38. The Plaintiff is entitled to damages as a result of Defendants' violations

## COUNT III
## VIOLATIONS OF MAINE'S UNFAIR TRADE PRACTICES ACT, 5 M.R.S.A. § 205-A, et seq.

39. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set herein at length.

40. The Plaintiff is a "person" 5 M.R.S.A § 206(1).

41. The Debt arose from the advertising, offering for sale, sale or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity or thing of value, and meets the definition of a "trade" and "commerce" under 5 M.R.S.A § 206(3).

42. The Defendants' conduct violated M.R.S.A § 207 in that Defendants engaged in

unfair or deceptive acts or practices in their attempt to collect the Debt.

43. The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants awarding the Plaintiff:

1. Actual damages including, but not limited to, the emotional distress the Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA and MFDCPA violations and intentional, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. § 1692k(a)(1) and 32 M.R.S.A. § 11054(1)(A);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) and 32 M.R.S.A. § 11031(1)(B);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), 32 M.R.S.A. § 11031(1)(D) and 5 M.R.S.A. § 213(2);

4. Punitive damages; and

5. Such other and further relief that the Court may deem just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: June 22, 2011

    Respectfully submitted,

    By ___/s/ Edwinna Vanderzanden___

    Edwinna Vanderzanden, Esq.
    Maine Bar # 002910
    Evanderzanden@gss-lawyers.com
    Getman, Schulthess & Steere

3 Executive Park Drive, Suite 9
Bedford, NH 03110
(603) 634-4300

**Of Counsel to**
Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT 06905
(203) 653-2250