UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| Raymond and Hope Champagne<br>            Plaintiffs,<br>    v.<br><br>Viking Collection Service, Inc.; and DOES 1-10, inclusive,<br><br>            Defendant. | Civil Action No.: _____<br><br>**AMENDED COMPLAINT** |

For this Complaint, the Plaintiffs, Raymond and Hope Champagne, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), Maine Fair Debt Collection Practices Act, 32 M.R.S.A. § 11001, et seq. ("MFDCPA") and the invasions of Plaintiffs' personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of Maine pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of Maine.

## PARTIES

4. The Plaintiffs, Raymond and Hope Champagne ("Plaintiffs"), are adult individuals residing in Portland, Maine, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Viking Collection Service, Inc. ("Viking"), is a Minnesota business

entity with an address of 7500 Office Ridge Circ #100, Eden Prairie, Minnesota 55344, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Viking and whose identities are currently unknown to the Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Viking at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Plaintiffs incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Viking for collection, or Viking was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Viking Engages in Harassment and Abusive Tactics

## FACTS

12. Viking has placed four (4) calls a day to Plaintiffs' residential and cellular telephones in an attempt to collect the Debt.

13. Viking has placed calls to Plaintiffs prior to 8 a.m. in an attempt to collect the

14. Plaintiffs attempted to explain to Viking that the Debt may have been a product of identity theft, however, Viking refused to discuss this possibility with Plaintiffs and has continued to attempt to collect the Debt from Plaintiffs.

15. Viking used extremely rude and abusive language when speaking with Plaintiffs.

16. Viking told Plaintiff Hope Champagne that her husband needs to "step up and be a man" [about the Debt.]

17. Further, Viking suggested that Hope Champagne divorce her husband.

18. Viking has told Hope Champagne that she is a liar for stating that the Debt may not belong to her and told her to "stop being lazy."

C. **Plaintiffs Suffered Actual Damages**

19. The Plaintiffs have suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

20. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

21. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.**

22. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendants' conduct 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiffs before 8:00 a.m. and after 9:00 p.m.

24. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

25. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiffs in telephone conversations, with the intent to annoy and harass.

26. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27. The Plaintiffs are entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE MFDCPA - 32 M.R.S.A. § 11001, et seq.

28. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set herein at length.

29. The Plaintiffs are "consumers" as the term is defined by 32 M.R.S.A. § 11002(3).

30. The Plaintiffs incurred a "debt" as the term is defined by 32 M.R.S.A. § 11002(5).

31. The Defendants are a "debt collector" as the term is defined by 32 M.R.S.A. § 11002(6).

32. The Defendants' conduct violated 32 M.R.S.A. § 11013(1)(B) in that Defendants used profane and abusive language when speaking with the consumer.

33. The Defendants' conduct violated 32 M.R.S.A. § 11013(1)(E) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiffs in telephone conversations, with the intent to annoy and harass.

34. The foregoing acts and omissions of the Defendants constitute numerous and

35. The Plaintiffs are entitled to damages as a result of Defendants' violations

### COUNT III
### VIOLATIONS OF MAINE'S UNFAIR TRADE PRACTICES ACT,
### 5 M.R.S.A. § 205-A, et seq.

36. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set herein at length.

37. The Plaintiffs are each a "person" 5 M.R.S.A § 206(1).

38. The Debt arose from the advertising, offering for sale, sale or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity or thing of value, and meets the definition of a "trade" and "commerce" under 5 M.R.S.A § 206(3).

39. The Defendants' conduct violated M.R.S.A § 207 in that Defendants engaged in unfair or deceptive acts or practices in their attempt to collect the Debt.

40. The Plaintiffs are entitled to damages as a result of Defendants' violations.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that judgment be entered against the Defendants awarding the Plaintiffs:

1. Actual damages including, but not limited to, the emotional distress the Plaintiffs have suffered (and continue to suffer) as a result of the intentional, reckless, and/or negligent FDCPA and MFDCPA violations and intentional, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. § 1692k(a)(1) and 32 M.R.S.A. § 11054(1)(A);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) and 32 M.R.S.A. § 11031(1)(B);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), 32 M.R.S.A. § 11031(1)(D) and 5 M.R.S.A. § 213(2);

4. Punitive damages; and

5. Such other and further relief that the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 26, 2011

                                               Respectfully submitted,

                                               By    /s/ Edwinna Vanderzanden   

                                               Edwinna Vanderzanden, Esq.
                                               Maine Bar # 002910
                                               Evanderzanden@gss-lawyers.com
                                               Getman, Schulthess & Steere
                                               3 Executive Park Drive, Suite 9
                                               Bedford, NH 03110
                                               (603) 634-4300

                                               **Of Counsel to**
                                               Lemberg & Associates, LLC
                                               1100 Summer Street
                                               Stamford, CT 06905
                                               (203) 653-2250

F:\JKelly\Lemberg\09504 - Champagne\Pleadings\champagne Amended complaint.doc